UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM VANYO, ) | Case No. 1:06CV2943 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE ANN ALDRICH |
| ) | |
| CITIFINANCIAL, INC., et al, ) | |
| ) | |
| Defendants. ) | <u>MEMORANDUM AND ORDER</u> |

This matter is before the court upon plaintiff's motion to remand this action to the Cuyahoga County Court of Common Pleas for want of subject matter jurisdiction (Doc. No. 6), pursuant to 28 U.S.C. § 1447(c). For the following reasons, the motion is granted.

### I. Factual Background

Plaintiff William Vanyo ("Vanyo") brought this putative class action in the Cuyahoga County Court of Common Pleas against defendants CitiFinancial, Inc., and CitiGroup, Inc. (collectively "Citi"), in October 2006. The complaint alleges that Citi failed to file a timely termination statement for a loan covering consumer goods that Vanyo paid, entitling him to statutory damages of $500 under Ohio Rev. Code §1309.513. Vanyo brings this action on behalf of himself and the following putative class:

> All persons named as debtors in financing statements in Ohio covering consumer goods, where: (i) Citi . . . was the secured party at the date of the pay-off; (ii) on the pay-off date there was no [remaining] obligation to Citi secured by collateral covered by the financing statement and no [other commitments]; and (iii) Citi did not file a termination statement for the financing statement within 31 days after the pay-off date.

Vanyo alleges that the putative class is entitled to statutory damages under Ohio Rev. Code § 1309.513 of $500 for each late-filing or non-filing of termination statements where the debtor had

paid-off the loan on the secured consumer good or goods. The complaint avers that there are fewer than 10,000 class members and in any event, expressly seeks an aggregate judgment of less than $5,000,000.

On December 7, 2006, Citi filed a notice of removal, asserting the Class Action Fairness Act of 2005 ("CAFA") as the basis for federal jurisdiction. The matter is now before this court upon plaintiff's motion to remand.

## II. Discussion

Title 28 U.S.C. § 1447(c) states that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The defendant removed this case alleging jurisdiction under CAFA, which provides this court with original jurisdiction over any civil action which is a class action, so long as (1) a member of the class of plaintiffs is diverse from a member of the class of defendants; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) the number of members in the plaintiff's class is at least 100. 28 U.S.C. § 1332(d)(2) and (5)(D).

Vanyo does not dispute the diversity of the parties nor that the class of plaintiffs numbers at least 100 members. The issue is whether the amount in controversy is equal to or greater than the $5,000,000 statutory minimum. Vanyo argues that the complaint does not allege an amount in controversy of $5,000,000, and attempts to cap damages at $1 less than the threshold for the apparent purpose of avoiding federal jurisdiction.

Citi removed this action by claiming that an amount in controversy greater than the $4,999,999 alleged by the plaintiff likely exists, so that under CAFA, original federal jurisdiction exists for this action. Since the statutory damages for a late-filing or non-filing of a termination

statement are $500 per claim under Ohio Rev. Code § 1309.625(E), the number of class members will determine the amount in controversy through the operation of simple multiplication ("class in controversy"). Neither party has provided sufficient evidence for the court to determine how many likely members of the class in controversy exist.

The removing defendant has the burden to prove diversity jurisdiction by a preponderance of the evidence. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted). This court agrees with Judge Gaughan's reasoning that "CAFA does nothing to alter the traditional rule of law that the party opposing remand bears the burden of establishing federal jurisdiction." *Pittman v. Chase Home Finance, LLC,* Case No. 1:05 CV 2470, slip op. at 5 (N.D. OH Feb. 3, 2006) (order denying remand). Some courts have held that CAFA shifts the burden to the party seeking remand to prove lack of jurisdiction, citing Senate Judiciary Committee reports. *Id.* at 4 (surveying district cases). But others have held that while there may have been an intention to liberalize the availability of the federal courts for class actions, the text of CAFA clearly requires that the elements of diversity jurisdiction be proved. *Id.* at 5 (adopting the reasoning of the Seventh Circuit in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005), that thirteen Senators could not declare such a rule change). Since the court agrees that CAFA has not shifted the burden from the removing defendant to prove jurisdiction, the court must determine whether Citi has shown by a preponderance of the evidence that the amount in controversy requirement of the statute has been met.

Where a party has provided sufficient evidence that the size of the class in controversy will support possible damages greater than CAFA's $5,000,000 minimum, federal courts have exercised jurisdiction. In *Pittman*, an Ohio statute authorized statutory damages of $250 if the mortgagee

failed to file a satisfaction statement within 90 days of satisfaction. *Id.* at 3. In its notice of removal, the defendant submitted an affidavit averring that it had serviced more than 125,000 residential loans, which had been paid, so that the amount in controversy -- that which was at stake if the defendant were found to have filed satisfaction statements late -- exceeded the jurisdictional amount ($250 multiplied by 125,000 putative class members). *Id.* at 6. Similarly, in *Romeo v. Home Depot U.S.A., Inc.*, No. 06CV1505, 2006 U.S. Dist. LEXIS 79881, at *7 (S.D. Cal. Oct. 30, 2006), the class in controversy included all persons who were given credit card transaction forms that included preprinted spaces specifically designed for filling in any personal identification information of the card holder. An affidavit from the defendant's corporate office stated that the average number of credit card refund transactions (with preprinted spaces for personal telephone numbers) was 60,000 per year; so that if each member of the putative class were to bring his or her claim, the aggregate amount in controversy would be $60 million (i.e., $1000 per violation). *Id.* at *7. In both of these cases, the defendants met the burden of proving that the amount in controversy was greater than the statutory minimum because they provided evidence that there was a large enough class in controversy that fell within the scope of the state statute authorizing damages.

Citi, however, has not provided evidence of a class in controversy that qualifies under Ohio Rev. Code § 1309.625(E) for statutory damages if the late-filings are proved. It has merely provided an affidavit from the Ohio Secretary of State's office, which indicates that there are 22,837 active financing statements on file in which Citi is identified as the secured party. Citi would categorize all active financing statements as putative members of this class action, so the amount of controversy would be $11,418,000 (i.e., 22,837 possible claims for statutory damages of $500 each). But this categorization is improper, as it exceeds the scope of Section 1309.625(E), which provides statutory

-4-

damages for a limited class of claimants - those who (1) have active financing statements with the defendant, (2) covering consumer goods, (3) the loans for which have been paid-off, but for which (4) the defendant did not timely file a termination statement.

The class in controversy includes only those debtors who have active financing statements with Citi covering consumer goods and have paid their loans, so that the matter to be proved at trial is whether the termination statements were timely filed under the Ohio statute. Citi's assertion that there are 22,837 active financing statements is not determinative on the issue of class size, since it only proves the first element of the statute (the number of active financing statements on file naming Citi). It does not prove whether or how many of the 22,837 statements are for consumer goods, or for loans which have actually been paid; a great many of the 22,837 statements may be for non-consumer goods or loans that have not yet been paid. Citi has therefore failed to provide sufficient evidence that the putative class is large enough to support aggregate damages greater than CAFA's statutory minimum to establish subject matter jurisdiction. It is therefore unnecessary for this court to decide whether the plaintiff may limit the amount in controversy in the complaint by refusing to accept damages over a certain dollar amount. Since the court lacks subject matter jurisdiction, the case must be remanded.

### III. Conclusion

For the foregoing reasons, the court grants Vanyo's motion to remand (Doc. No. 6) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                                    /s/Ann Aldrich  
                                                    ANN ALDRICH  
                                                    UNITED STATES DISTRICT JUDGE

Dated: **June 20, 2007**